## In re PRUDENCE CO., Inc.

### Nos. 27496, 27028.

District Court, E. D. New York.

April 26, 1937.

708

Cullen & Dykman, of Brooklyn, N. Y. (Ralph W. Crolly and Patrick J. Mahoney, both of Brooklyn, N. Y., of counsel), for petitioner Brooklyn Trust Co.

Larkin, Rathbone & Perry, of New York City (Henry E. Kelley, of New York City, of counsel), for petitioner Central Hanover Bank & Trust Co., as trustee.

Milbank, Tweed, Hope & Webb, of New York City (Hugh L. M. Cole and Carleton H. Endemann, both of New York City, of counsel), for petitioner, Chase Nat. Bank of the City of New York, as trustee.

Delafield, Thorne & Marsh, of New York City (George H. Porter, of New York City, of counsel), for petitioner City Bank Farmers Trust Co. as successor trustee.

Thomas Cradock Hughes and Emanuel Celler, both of New York City (Thomas Cradock Hughes, of New York City, of counsel), for trustees of Prudence Co., Inc., Debtor.

MOSCOWITZ, District Judge.

These are separate applications made by four corporate trustees for orders directing the trustees of the debtor to turn over to them funds presently held by the trustees as a reserve for fees for services rendered in administering the collateral underlying nine separate bond issues of Prudence-Bonds Corporation. These funds have been segregated pursuant to orders of this court.

Petitioners urge that the servicing of the collateral by the trustees was wrongful, and therefore, though services were performed for the benefit of bondholders in these bond issues, the estate of the debtor may not be reimbursed for the cost and expenses incident to such servicing.

There is apparently no dispute as to the efficiency with which the trustees administered the collateral. The same services were performed by these trustees as had been previously performed by the debtor itself and for which the debtor had received compensation.

The assertion that the trustees' servicing was wrongful proceeds from the position originally taken by the trustees that this court had the power to restrain the corporate trustees, the petitioners here, from taking over the servicing of this collateral. This question was litigated in this court and finally determined against the trustees by the United States Circuit Court of Appeals for this circuit on March 9, 1936. In re Prudence Company, Inc., 82 F.(2d) 755.

During the pendency of the litigation, petitioners were enjoined from interfering with or taking over the servicing. The issuance of the mandates of the Circuit Court of Appeals was stayed by its own order pending application by the trustees for writs of certiorari to the United States Supreme Court. Such application was denied on June 1, 1936. Callaghan v. Marine Midland Trust Co., 298 U.S. 685, 56 S.Ct. 957, 80 L.Ed. 1405; Callaghan v. City Bank Farmers Trust Co., 298 U.S. 685, 56 S.Ct. 958, 80 L.Ed. 1405; Callaghan v. Central Hanover Bank & Trust Co., 298 U.S. 685, 56 S. Ct. 958, 80 L.Ed. 1405; Callaghan v. Manhattan Co., 298 U.S. 685, 56 S.Ct. 958, 80 L.Ed. 1405. Thereafter the mandates of the Circuit Court of Appeals issued and orders were entered by this court granting leave to petitioners to take over the administration of the collateral.

From the date of their appointment to the date of the turnover of the servicing, the trustees exclusively administered the collateral for the bond issues, using the corporate funds of this debtor to pay the cost of such administration. Under such circumstances, to accept the views of petitioners would be to charge the general creditors of this estate for the cost of conferring an undeniable benefit upon bondholders in the

particular bond issues here involved. Administration and supervision were required, and such administration and supervision were supplied by the trustees. There is no warrant for penalizing the estate of this debtor and conferring a gratuitous benefit upon these bondholders merely because the trustees saw fit to seek an adjudication as to their rights.

In Prudential Insurance Company of America v. Liberdar Holding Corporation, 72 F.(2d) 395, 399, which presented a similar question to the Circuit Court of Appeals for this circuit, Judge Learned Hand wrote: "They will be allowed any taxes paid, no matter when these fell due. Taxes are necessary payments and benefit the property; they were not a charge against the defendants, for the company had never contracted to pay them. Its liability and the defendants' are merely as trustees of the rents, and they are entitled to any credits which any trustee might take. The promise of the company to pay interest and principal had nothing to do with its obligation as trustee of the rents. The holders may not in this way secure a preference over other creditors. * * * In addition to taxes the receivers will be allowed any expenses reasonably suitable for the upkeep and maintenance of the property. * * * It is quite true that if the petitioner made a demand upon the receivers and they refused it, their possession was wrongful from that time forward. Thus it might seem as though we ought to decide whether the letter of September 7, 1933, was such a demand, and, if so, whether the wrong of the receivers in disregarding it should be charged to the estate. We do not however think that this is necessary. The holders could not themselves collect the rents and care for the property; that had to be done either by the petitioner or by the receivers. The receivers' care was as much a benefit to the holders as the petitioner's; they should not receive it gratis merely because the receivers saw fit to test their rights. The District Court should therefore fix an allowance at the benefit which the properties received from the receivers; it should not however be greater than what the same care would have cost, had the petitioner been in possession. This allowance is obviously not to be limited to actual expenses; it will include parts of the receivers' 'overhead,' so far as there would have been a corresponding 'overhead' in the petitioner's management." See, also, Harkin v. Brun-

dage, 276 U.S. 36, 48 S.Ct. 268, 72 L.Ed. 457; State of Missouri v. Angle, 236 F. 644 (C.C.A.8, 1916).

The reasoning of the above-cited cases would appear to be applicable here. The applications of petitioners are therefore denied.

Settle orders on notice.